IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY M. REICHERT,

      Petitioner,                    CASE NO. 2:13-CV-1275
                                         CRIM. NO. 2:12-CR-95
      v.                               JUDGE EDMUND A. SARGUS, JR.
                                         Magistrate Judge Kemp

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on petitioner's motion, the response, petitioner's traverse and the record in the underlying criminal case. For the following reasons, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED**.

## PROCEDURAL HISTORY

On May 17, 2012, while represented by counsel, and pursuant to the terms of a plea agreement signed on May 1, 2012, petitioner pleaded guilty to a Bill of Information charging petitioner with one count of Coercion and Enticement of a Minor in violation of 18 U.S.C. 2422(b) and a separate forfeiture relating to the computer and instrumentalities used to commit the offense. On December 13, 2012, the Court sentenced petitioner to 148 months of incarceration followed by ten years of supervised release.

On December 30, 2013, petitioner file a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. In the petition, he raises a claim of ineffective

assistance of counsel based on the following allegations:

> 1) Counsel threatened as a form of coercion the Movant into signing a Plea Agreement. Movant questioned Counsel about Defense of Entrapment. Counsel refused to follow Movant's wishes and advised Movant not to tell the Court anything more than acceptance of the Plea Agreement.
>
> 2) Counsel also failed to argue at Sentencing the issues regarding the PreSentence Investigation Report which were in error, thus lowering the recommended sentencing guideline calculation due to the increases being elements of the crime charged.
>
> 3) Counsel also failed to argue that the Court lacked jurisdiction under the provisions of the Tenth Amendment after consideration that the Necessary and Proper Clause to the Constitution was properly used to advise the State of Ohio that the crime charged was illegal and then the State of Ohio criminalized the Movant's actions; but then after the State arrested the movant, they forum shopped the punishment to the Feds.

It is the United States' position that this claim is without merit. For the following reasons, it will be recommended that the motion to vacate be **DENIED**.

## I. LEGAL STANDARD

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The two-part test of effective assistance of counsel announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In order to obtain relief, a prisoner raising such a claim must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill*, 474 U.S. at 59.

>The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

It is with this standard in mind that the Court will examine petitioner's claim of ineffective assistance of counsel.

**A.**

Petitioner argues that he was coerced into signing the plea agreement by his counsel with the threat of facing additional criminal charges. Because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *see also United States v. Webb*, 403 F.3d 373 (6th Cir. 2005). "'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). In applying this standard, a court must look at the totality of circumstances surrounding the plea. *Id.* A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637 (1976).

Criminal defendants are entitled to constitutionally effective assistance of counsel during the plea negotiation phase. *Missouri v. Frye*, –U.S. –, 132 S.Ct. 1399, 1407 (2012). ("In today's criminal justice system, ... the negotiation of a plea bargain, rather than the unfolding of a trial, is almost always the critical point for a defendant."). *See also Lafler v. Cooper*, – U.S. –, 132 S.Ct. 1376, 1386 (2012); *Humphress v. United States*, 398 F.3d 855, 859 (6th

3

Cir. 2005), citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

> The decision to plead guilty - first, last and always - rests with the defendant, not his lawyer. Although the attorney may provide an opinion on the strength of the government's case, the likelihood of a successful defense, and the wisdom of a chosen course of action, the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequence of a conviction.

*Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003).

Here, pursuant to the terms of petitioner's negotiated pre-indictment plea agreement, the government agreed that, in exchange for the petitioner's plea of guilty to the Information, it would not pursue any additional charges against petitioner. During the plea hearing, the Court asked several questions to ensure that petitioner was voluntarily and knowingly entering a guilty plea. For example, the Court asked whether petitioner was satisfied with his counsel and petitioner responded that he was. The Court informed petitioner of the Constitutional rights he was waiving by pleading guilty and the government presented the essential terms of the plea agreement signed by petitioner. The Court engaged petitioner in the following colloquy:

> Court: Mr. Reichert, is that your understanding of the terms and conditions of the plea agreement?
>
> Petitioner: Yes, Your Honor.
>
> Court: Were any promise[s] made to you that were not placed in writing in the plea agreement?
>
> [Petitioner]: No, Your Honor.
>
> Court: Were any threats made to you to cause you to sign the plea agreement?

    Petitioner: No, Your Honor.

(Doc. 36, p. 18).

  Consequently, the record refutes petitioner's claim. That is, the record demonstrates that petitioner was competent, understood his plea agreement, and was not coerced into signing it. Petitioner's sworn statements were "[s]olemn declarations in open court" and, therefore, "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). This means, as a practical matter, that a defendant may not simply claim later that his answers were untrue and expect to receive relief. Petitioner makes no specific assertion of coercion and his conclusory assertion is insufficient to support his claim. In view of this record, petitioner's unsupported allegation that his guilty plea was coerced and not knowing or intelligent carries no weight. *See Jackson v. United States*, 2010 WL 1741340 (S.D. Ohio Apr. 28, 2010) *adopted and affirmed* 2010 WL 2545184 (S.D. Ohio June 16, 2010). As a result, petitioner's claim that his counsel rendered ineffective assistance by coercing his guilty plea is without merit.

  Petitioner also asserts, within the first prong of his claim, that his counsel was ineffective for failing to advise him regarding, or to pursue, an entrapment defense. As petitioner explains in his brief in support of his motion, "he was not predisposed to his actions, but due to his many years of alcohol abuse before becoming an active member of AA and going through detox, his inhibitions were lessened, thus lowering the threshhold of his reluctance to commit the crime that he was enticed and induced by State Government agents deception which actually implanted the criminal design in the

mind of the Defendant/Movant in this case."

Entrapment is a complete defense to a criminal charge, on the theory that, "[g]overnment agents may not originate a criminal design, implant in an innocent person's mind the disposition to commit a criminal act, and then induce commission of the crime so that the Government may prosecute." " *Joiner v. United States,* 2010 WL 2643421, *2 (N.D. Ohio June 30, 2010), *quoting Jacobson v. United States*, 503 U.S. 540, 548 (1992).   The defense of entrapment has two elements: (1) government inducement of the crime, and (2) the defendant's lack of predisposition to engage in the criminal conduct.  *Id., citing Mathews v. United States*, 485 U.S. 58, 63 (1988); *see also United States v. Khalil*, 279 F.3d 358, 364 (6th Cir. 2002).  Of these two elements, predisposition is the more important.  *Id*.

The statement of facts, read into the record at the plea hearing by HSI Task Force Officer Detective Marcus Penwell of the Franklin County Internet Crimes Against Children Task Force, reads as follows:

> On March 26, 2012 ... Officer Marcus Penwell ... was engaged in online child exploitation investigations on the website motherless. com. Officer Penwell was chatting on a website posing as the foster father of a ten-year-old boy and eleven-year-old girl when he was contacted by and began an instant message exchange with a subject using the screen name Tony_the_Slut, who was later identified as defendant Anthony M. Reichert.  Within minutes of chatting with Task Force Officer Penwell, Reichert initiated a discussion of sexual interaction with Task Force Officer Penwell's foster children, asking Task Force Officer Penwell if he was active with his kids and then telling Task Force Officer Penwell that he would like to join in.  Reichert specifically indicated at that time [that] he would like to perform oral sex on the boy as well as anal cunnilingus.
>
> After a few minutes of chatting, Task Force Officer Penwell and

6

Reichert exchanged Yahoo! user names and continued to chat via Yahoo! instant messenger. During the chats, Reichert stated that he wanted to join in oral sex with the minor children and then let it progress as 1 you allow and 2 they want. Reichert also requested that Task Force Officer Penwell allow Reichert to digitally penetrate the ten year old boy's anus and eleven year old girl's vagina, and that Task Force Penwill make the minors perform oral sex on Reichert. Reichert suggested that he travel to Task Force Officer Penwell's residence the following day, and thereafter a meeting was planned for a location on the west side of Columbus for March 27, 2012, at approximately 5:30 p.m. After the meeting was planned, Reichert asked Task Force Officer Penwell about videos of the children and suggested that maybe we can make one? Reichert and Task Force Officer Penwell discussed taking pictures of their sexual activity with Task Force Officer Penwell's foster children and decided that Reichert would bring his laptop and blank disks, so they could take the pictures of the sexual activity with Task Force Officer Penwell's camera and then burn the pictures to disks with Reicher's computer.

Reichert and Task Force Officer Penwell continued to chat online on March 27, 2012, and moved the meeting time to 4:30 p.m. During the course of the chats, Reichert informed Tax (sic) Force Officer Penwell that he had previously engaged in sexual activity with a 15-year old male. Reichert further specified ... what he wanted the minor children to be wearing when he met them, indicating that he would like to see the minor boy wearing a thong, speedo or jock strap and the minor female wearing a bikini.

At approximately 4:00 p.m. on March 27, 2012, Task Force Officer Penwell along with other members of the Franklin County ICAC Task Force established surveillance at the meet location. At approximately 4:30 p.m. Reichert was observed arriving at the location and was taken into custody.

A laptop computer was taken from the vehicle in which Reichert had arrived. During a post Miranda interview Reichert admitted to Task Force Officer Penwell that he had chatted online with a foster father of a prepubescent male and prepubescent female. Reichert further admitted that he had requested that the father allow him to perform oral sex on the children and to have them perform oral sex on Reichert as well. Reichert stated that the acts were supposed to occur at the father's apartment. Reichert admitted that they were going to take pictures of the acts with the father's camera and then download them onto the laptop that he brought

with him.  Reichert had also brought blank disks in his laptop case, which he admitted that he was going to use to burn the photos of the sexual acts with the children.  Reichert further admitted that the statements he made during the chat conversations regarding his sexual acts with a 15-year-old male were true.  Reichert provided the name of the 15-year-old male and stated that the act occurred approximately six months prior.

Reichert consented to a search of his laptop and in a subsequent examination of the computer revealed approximately 15 images of suspected child pornography.

Given this factual scenario, agreed to by petitioner, counsel's decision not to consider or pursue an entrapment defense was entirely reasonable.  "A defendant who claims that he was entrapped opens himself to 'an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue.'" *Joiner*, *quoting Sorrells v. United States*, 287 U.S. 435, 451 (1932).  If petitioner had pursued the issue of entrapment at a trial, the decision to do so would have invited evidence of his predisposition, including petitioner's initiation of the instant message exchange, his detailed discussion of his desired interaction, his willingness to meet the next day, his request to make a video, and his involvement with a 15-year-old male only six months earlier.  Considering these facts, which demonstrate petitioner's predisposition and essentially no government inducement, the Court cannot conclude that counsel's failure to consider the entrapment defense was ineffective.  Petitioner's brief reference to his history of alcohol abuse is insufficient to demonstrate otherwise.  Consequently, this prong of petitioner's claim also fails on its merits.

**B.**

The second prong of petitioner's claim is that his counsel was ineffective at the

8

sentencing phase for failing to object to the presentence investigation report.  Petitioner raises a number of issues relating to the PSIR.  The Court will address each issue in turn.

First, petitioner contends that his counsel was ineffective for failing to argue that the eight-level increase under U.S.S.G. §2G1.3(b)(5) was incorrectly applied because the involved minors were only fictitious.  Section §2G1.3(b)(5) provides for an eight-level increase when the offense involves minors younger than 12 years old.  The statement of facts set forth above, with which petitioner agreed, established that the involved minors were under 12.  Further, the guideline is intended to include fictitious minors.  *See* Commentary Note 1 to §2G1.3.  Consequently, the enhancement was properly applied and petitioner's counsel was not ineffective for failing to object to the application of U.S.S.G.  §2G1.3(b)(5).

Petitioner further argues  that his counsel erred in failing to object to the application of multiple count grouping rules that resulted in a two-level enhancement of his sentence.  As explained by the government, the enhancement to which petitioner objects relates to the fact that, as set forth in the statement of facts, petitioner attempted to coerce or entice two different fictitious minors.  At the sentencing hearing, the District Judge noted an objection and the government's agreement with that objection. Sentencing Transcript (Doc. 37), p. 3.  Further, the Judge stated:

> But given the facts in this situation, []the two-point enhancement for multiple victims, while there are no actual victims here, tends to overstate and misapply that application.

> So even though I recognize Mr. Stepp probably has the legal high ground here, I think prudence dictates, with both of you agreeing and my view of the facts in this case, that would reduce the offense level from a 37 to a 35, the criminal history category stays the same at I, and that gives a sentencing guideline range of 168 to 210 months.  So that I believe resolves the actual guidelines issue, is that correct?

In light of the record, petitioner has no factual basis for his claim that his counsel failed to raise this issue.  Consequently, this claim is without merit.

Petitioner also argues that his counsel was ineffective for failing to argue against the application of two guideline enhancements, claiming that the enhancements were elements of the offense and, therefore, not able to increase his offense level.  Specifically, petitioner contends that the two-level increase relating to use of a computer and the eight-level increase relating to the involvement of minors were in error.   Contrary to petitioner's position, USSG §2G1.3(b)(3) provides for a two-level increase in offense level where a computer is used to "(A) persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct...."  Subsection (b)(5) provides for an eight-level increase if the offense involves a minor younger than 12.  The statute under which petitioner was convicted, 18 U.S.C. §2422(b), requires proof that a defendant used interstate commerce to knowingly persuade, induce, or entice an individual under 18 to engage in any sexual activity for which a person can be charged with a criminal offense.  The elements do not require proof of a defendant's use of a computer or that the minors were less than 12 years old.  Rather, these specific characteristics, under the terms of the sentencing guidelines, have been determined to be aggravating factors of an offense under 18 U.S.C. §2422(b).  Consequently,

petitioner's counsel was not ineffective for failing to object to these enhancements.

## C.

The final prong of petitioner's ineffective assistance of counsel claim, at least as set forth in his petition, is that his counsel failed to argue the Court's lack of jurisdiction. According to the explanation contained in his brief in support, petitioner rests this claim on two distinct arguments - (1) that the government engaged in forum shopping because he could have been prosecuted in state court rather than federal court and (2) his offense involved only intrastate activity. Petitioner's claim fails on both accounts.

First, with respect to his forum shopping argument, petitioner relies on the Tenth Amendment for his position that this Court has no jurisdiction. The Tenth Amendment provides as follows: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively." U.S. Const. Amend. X. Petitioner cites nothing in support of his position that this amendment applies to the circumstances of his case beyond his own interpretation of the amendment. To the extent that petitioner believes the Tenth Amendment serves to deprive this Court of jurisdiction over his criminal case, he is mistaken. In *Wilson v United States*, 2008 WL 2115695 (E.D. Tenn. May 19, 2008), a §2255 case involving a challenge under the Ninth Amendment, the court explained as follows:

> ..."The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. §3231. As the Seventh Circuit has noted: "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. §3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts.

> That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999). *See also United States v. Titterington*, 374 F.3d 453 (6th Cir. 2004) ("The federal courts' subject-matter jurisdiction to hear federal criminal prosecutions comes from 18 U.S.C. 3231 ....").

*Id*. at *4. This same reasoning applies to petitioner's Tenth Amendment challenge here.

More typically, the forum shopping argument is made in terms of a due process or equal protection violation. The Sixth Circuit Court of Appeals has rejected such an argument, explaining as follows:

> Prosecutors are given great discretion in determining which cases will be prosecuted: "[So] long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision of whether or not to prosecute and what charge to file ... generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668-69, 54 L.Ed.2d 604 (1978) (footnote omitted). The decision, however, cannot be based on a defendant's race, sex, religion, or exercise of a statutory or constitutional right. *Andersen*, 940 F.2d at 596. The prosecutor may properly base his decision on penalties available upon conviction when determining what offense will be charged against a defendant. *United States v. Batchelder*, 442 U.S. 114, 125, 99 S.Ct. 2198-2204-05, 60 L.Ed.2d 755 (1979).

*United States v. Allen*, 954 F.2d 1160, 1166 (6th Cir. 1992). Petitioner has not demonstrated that the government sought to prosecute him at the federal level for any of the reasons noted above. Consequently, the Court has no basis on which to conclude that petitioner's counsel was ineffective for failing to make an argument based on this issue.

Turning to petitioner's contention that the Court lacks jurisdiction because he was not engaged in interstate activity, this claim also must be rejected. First, as the government points out, the use of the internet has been found to satisfy the interstate

nexus. *See, e.g., United States v. Fuller*, 77 Fed. Appx. 371, 379 (6th Cir. 2003) ("the interstate commerce connection was established in this case by indisputable evidence that [defendant] used both the Internet and the telephone, facilities or means of interstate commerce, in committing the offense).

Beyond this, however, to the extent that petitioner suggests that a challenge to the interstate commerce nexus impacts this Court's jurisdiction, he is mistaken. A similar challenge was raised by the petitioner in *Clowers v. United States,* 2012 WL 523665 (E.D. Tenn. February 16, 2012). In that case, the petitioner pleaded guilty to violating 18 U.S.C. §2251. In addressing that petitioner's argument as to jurisdiction, the *Clowers* court explained:

> [The] interstate commerce argument is a non-jurisdictional issue. The Sixth Circuit holds that the interstate commerce nexus requirement is "jurisdictional" only in the sense that , without the nexus between the offense conduct and interstate commerce, there can be no federal crime. It does not affect the jurisdiction of a federal court to adjudicate a federal criminal case. *Corp II*, 2012 WL 399229, at *3; *United States v. Studabaker*, 578 F.3d 423, 429 (6th Cir. 2009); *United States v. Martin*, 526 F.3d 926, 932-33 (6th Cir. 2009); *United States v. Turner*, 272 F.3d 380, 390 (6th Cir. 2001). When [petitioner] contends that there was no nexus between his actions and interstate commerce, he is merely arguing that his conduct did not violate 18 U.S.C. §2251 and cannot constitute a federal crime. This is not the same thing as lack of jurisdiction.

*Id.* at *15.

For all of these reasons, petitioner has not demonstrated that his counsel was ineffective for failing to raise a jurisdictional challenge.

**OTHER ISSUES RAISED IN BRIEF IN SUPPORT**

The government notes that, in his brief in support, petitioner contends that he

relied on the advice of counsel to accept a forfeiture of his laptop computer and blank CD's under a statute that does not apply to the criminal count charged. As the government, explains, petitioner is contending that his counsel failed to notice a typographical error which cited to a forfeiture under 18 U.S.C. §2253 which is not applicable to 18 U.S.C. §2422(b) rather than a forfeiture under, 18U.S.C. §§2428(a)(1) and (b)(1), the correct statute. The government argues that, if the error had been caught, it could have sought to orally amend the Information or filed a Superseding Information and the forfeiture result would have been the same. Petitioner has not demonstrated otherwise. Consequently, the Court has no basis on which to conclude that petitioner's counsel was ineffective for failing to catch this error.

The Court notes that petitioner raises additional issues in his brief in support beyond that noted by the government which warrant brief discussion. For example, petitioner also asserts that the statute under which he was convicted is unconstitutionally overbroad. If petitioner is suggesting that his counsel was ineffective for failing to make such an argument, the claim is without merit. First, "'for a statute to be found unconstitutional on its face on overbreadth grounds, there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the court.'" *U.S. v. Hart*, 635 F.3d 850, 857 (6th Cir. 2011), *quoting Leonardson v. City of East Lansing*, 896 F.2d 190, 195 (6th Cir. 1990). Petitioner makes no First Amendment argument here. Further, to the extent that petitioner may be suggesting a vagueness challenge was appropriate, such an argument

14

would not have succeeded. As the Sixth Circuit Court of Appeals explained in *Hart*:

> In *United States v. Bailey*, 228 F.3d 637 (6th Cir. 2000), this court held that 18 U.S.C. §2422(b) does not present any problems of vagueness or overbreadth because (1) the statute applies only to persons who knowingly attempt to persuade minors to engage in sexual activity, and (2) a defendant "does not have a First Amendment right to attempt to persuade minors to engage in illegal sex acts." *Id*. at 639.

Consequently, petitioner has not demonstrated that his counsel was constitutionally deficient for failing to challenge the constitutionality of the statute under which petitioner was convicted.

Petitioner also seems to suggest that his counsel was ineffective for failing to request a psychological evaluation. A "[p]etitioner has the burden of making a threshold showing that his mental condition is 'seriously in question.'" *Hubbard v. U.S.*, 2013 WL 527810, *5 (E.D. Tenn. February 11, 2013), *quoting Miller v. Bell*, 655 F. Supp.2d 838, 851 (E.D. Tenn. 2009). Here, petitioner has offered nothing beyond a passing reference, or at best, a conclusory allegation of his need for a psychological evaluation. Consequently, petitioner has not demonstrated that but for his counsel's failure to request a psychological evaluation, he would not have pleaded guilty and would have gone to trial.

Finally, petitioner contends that he was subjected to an unconstitutional, warrantless search in violation of the Fourth Amendment. He does not appear to couch this claim in terms of his counsel's ineffectiveness. This claim is waived by petitioner's guilty plea. *See Tollett*, 411 U.S. 258, 267.

## IV. RECOMMENDATION

15

For the reasons set forth above, it is recommended that petitioner's motion to vacate, correct or set aside sentence (Doc. 30) be **DENIED.**

## V.  PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge

16